*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION at CINCINNATI**

| | | |
|---|---|---|
| IN RE: } | | CASE NO. 10-16595 |
| } | | |
| **DAVID D. JACKSON** } | | CHAPTER 13 |
| **SHAKIRA K. JACKSON** } | | |
| } | | |
| DEBTORS } | | |

**Debtors are eligible for discharge under Section 1328(f).**

**DEBTORS' PLAN & APPLICATION TO CONFIRM**

**1. MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**

**A. MEDIAN INCOME**
**CHOOSE ONE: (X)**

**ABOVE MEDIAN INCOME** _____

Current monthly income $0.00 (CMI) minus means test expenses $0.00 (IRS amounts) = Disposable income $0.00.00 (D/I).

D/I (line 59 of the means test) $0.00 TIMES 60 = $0.00
**OR**

**BELOW MEDIAN INCOME** \_\_\_\_\_X\_\_\_\_\_

**B. PLAN PAYMENT**
The debtor(s) shall pay to the Trustee all projected disposable income in the amount of **$659.00** for approximately **48 Months**, but not to exceed five (5) years.

If the case is determined to be "under 36 months," the Trustee will serve notice upon Debtors and Counsel and increase the percentage.

Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments.

This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

## C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT
**CHOOSE ONE: (X)**

_____ This is a pot plan.

\_\_\_\_X\_\_\_\_ This is a percentage plan. The percentage is **1% (ONE PERCENT).**

**Percentage Plan Analysis:**
As calculated below, the Liquidation Percentage for this plan is **0% (ZERO PERCENT)** and the Disposable Income Percentage is **0% (ZERO PERCENT)**. The Trustee will, at a minimum, pay the Liquidation Percentage or the Disposable Income Percentage, whichever is greater.

Liquidation Percentage = $0.00 (Equity) divided by $52,982.68 (Unsecured Debt) equals 0% (Liquidation Plan Percentage per 11 U.S.C. section 1325(a)(4)).

Disposable Income Percentage = $0.00 (D/I*60) divided by $52,982.68 (Unsecured Debt) equals 0% (Disposable Income Plan Percentage per 11 U.S.C. section 1325(b)(1)).

**Pot plan analysis:**
Trustee will pay the creditors the pot plan amount of $\_\_\_\_N/A\_\_\_\_.
Anticipated pot plan percentage is _____% (See LBR 3015-1(b)(2))

Case will pay $_____ per month for approximately _____ months which equals $_____. Unsecured creditors will receive a minimum of _____% pursuant to the liquidation analysis.

Trustee is authorized to increase this pot amount, if necessary, in order to pay all claims as filed or meet the liquidation analysis.

The Pot Plan Percentage will be set by Trustee at the time of the Notice of Intention to Pay Claims and may be adjusted as necessary.

## D. PAYROLL DEDUCTION
The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. section 1326 (a)(1).

The employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee.
Employer is: L3 Communications

Until the payroll order begins debtors(s) MUST make payments by certified check or money order to:

  **OFFICE OF THE TRUSTEE**
  **P.O. Box 290**
  **Memphis, TN 38101-0290**

**PLAN AND APPLICATION TO CONFIRM**                  Page 2 of 13

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

Debtor(s)' full name, case number and address must be on all certified checks or money orders.

If Debtor(s) are employed, Debtor(s)' Counsel has uploaded an Order for payroll with the filing of this Chapter 13. Debtor(s) MUST VERIFY with their payroll that funds have actually been sent.

## 2. EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE
The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the debtor(s)' property shall revest in the Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1.

## 3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. <u>See</u> Fed. R. Bankr. P. 3002(c).

The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.

All priority creditors under 11 USC Section 507 shall be paid in full in deferred cash payments.

## 4. ATTORNEY FEES:
The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court.

Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then $350.00 every month until the attorney fee is paid.

After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors.

If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

## 5. ADEQUATE PROTECTION PLAN DISBURSEMENTS -
Debtor(s) shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. section 1326(a)(1)(B) and (C) and as scheduled in the plan to the Chapter 13 Trustee. If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate protection payments to the creditor.

**The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.**

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|

**PLAN AND APPLICATION TO CONFIRM**

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**1**_____

**2**_____

**3**_____

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments.

### 6. SECURED CLAIMS 1325 (a)(5)(B)(ii)
Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt or entry of discharge, whichever occurs first. When these conditions have been fulfilled, creditor must transfer the title to any collateral pursuant to non-Bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims

### 7. PMSI/Automobiles: 910 days
Debtor(s) incurred the following debt on an automobile within 910 days of filing or debtor(s) incurred this debt for a PMSI within one year of filing.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| **1** | | |
| **2** | | |
| **3** | | |

### 8. VALUATION: (Cramdown)

| 11 U.S.C. Section 506 | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| **1** Chase Auto (2005 Hyundai Accent) | $60.00 | $5,000.00 |

**(This Payment Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

**2** Citifinancial (personal property)    $10.00    $400.00
**(This Payment Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

**3** HSBC Auto (2003 Ford Explorer)    $100.00    $8,500.00
**(This Payment Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

| | | | |
|---|---|---|---|
| **4** | Ostermans (personal property) | $10.00 | $200.00 |

**(This Payment Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

| | | | |
|---|---|---|---|
| **5** | 21st Mortgage (1998 Mobile Home) | $95.00 | $8,000.00 |

**(This Payment Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 USC Section 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

**9. DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);**

**A. CHOOSE ONE :**
      X     This section is not applicable.

**OR**

               Debtor(s)            **(NAME)** is obligated to pay a domestic support obligation.

**B.**            Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and is current on this obligation.

**OR**

              The Trustee shall make the CURRENT disbursement in the amount of **$**         monthly. The monthly arrearage payment is $        .

The name, address and phone no. of the holder of the domestic support obligation is also listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required.

Provide the name, address and phone no. of the **Recipient:**
Name / Recipient

Address

Phone

**PLAN AND APPLICATION TO CONFIRM**                                          Page 5 of 13

## 10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"

Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Monthly Payment | Amount of Default to be Cured | Interest Paid (Y/N) |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |

Arrearage claim

Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest.

Unless modification of creditor(s)' rights is specified in the Plan, the debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to debtor(s)' objections thereto).

## 11. MORTGAGE CLAIMS
**Regular mortgage payment**

If the Trustee is paying the "regular" mortgage payment, any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim.

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| 1. | | |

Interest should not be paid on this monthly payment.

| | | |
|---|---|---|
| 2. | | |

Interest should not be paid on this monthly payment.

The Trustee may increase the plan payment for conduit cases if served with a filed Notice of Payment change by the mortgagee.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE** Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| 1. Directv | $60.00 | October 1, 2010 |
| 2. | | |
| 3. | | |

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

**13. EXECUTORY CONTRACTS IF APPLICABLE**
See Statement of Executory Contracts, Schedule G.

| Creditor | Monthly Payment | Payment Begin Date | Assume/Reject |
|---|---|---|---|
| 1. Directv | N/A (Outside Plan) | N/A | Assume |
| 2. | | | |
| 3. | | | |

**14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**
Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor(s) may file a motion to remove or add any creditor to the Plan.

**15. INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of **5% (FIVE PERCENT)**. This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)

**16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)**
The Debtor(s) shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

## 17. TAX RETURNS AND REFUNDS

Debtor(s) must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes. Any refund above $800 for a single tax return and $1600 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

## 18. TRANSFERRED CLAIMS

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. See Fed. R. Bankr. P. 3001(e)(2).

## 19. SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING

Sale or refinancing of real estate must occur per the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one day before the closing.

## 20. CASUALTY LOSS INSURANCE PROCEEDS

All insurance proceeds must be turned over to the Trustee unless the debtor(s)' Counsel files a motion to retain proceeds.

### Substitution of Collateral

If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the debtor shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or **MOVE** to substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the Trustee will continue to pay the secured claim.

## 21. STUDENT LOANS

**CHOOSE ONE**

                 This section is not applicable.

**OR**

       X       Student loans will be paid a dividend as listed below. (Note: You may only pay interest to an unsecured creditor if all claims are paid in full. 11 U.S.C. Section 1322(b)(10))

| Creditor | Percentage Paid | Contractual Rate Of Interest – if case is 100% |
|---|---|---|
| 1. Great Lakes | 1% | N/A |

**PLAN AND APPLICATION TO CONFIRM**      Page 8 of 13

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

| 2. Great Lakes | 1% | N/A |

## 22. SURRENDER OF COLLATERAL

If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

## 23. DISCHARGE - 11 U.S.C. Section 1328
**CHOOSE ONE**

      X     Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.

**OR**

_____Debtor(s) SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor(s) have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor(s) have received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. Section 1328)

Debtor(s) filed this case on _____. Debtor(s) have previously filed a Chapter 7/13 on _____. (Case no.   )

Unless otherwise provided herein, the Debtor(s) will not be discharged from debts under 11 U.S.C. section 1322(b)(5).

## 24. AUTOMATIC STAY: Indicate if motion has been filed.
**CHOOSE ONE:**

      X    Stay is in effect as to all property of the estate unless this plan indicates otherwise.

_____11 U.S.C. Section 362(c)(4)(B).
PRIOR CASES (more than two) FILED WITHIN ONE YEAR

      X    11 U.S.C. Section 362(c)(3).
PRIOR CASE (one) FILED WITHIN ONE YEAR:

_____11 U.S.C. Section 362(b)(20) in rem relief
PRIOR CASE WITHIN TWO YEARS

**PLAN AND APPLICATION TO CONFIRM**

**25. CO-SIGNERS**

Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 USC Section 1301, and which co-signers, co-makers, or guarantors are not also Chapter 13 debtors may be separately classified. Such creditors may file their claims, including all of the contractual interest that is due or which will become due during the Plan.

| Creditor | Percentage Paid | Interest Paid (Y/N) |
|---|---|---|
| 1. HH Gregg (Linda Jackson) | 100% | Y (5%) |
| 2. | | |
| 3. | | |

See Schedule H. Payment of the amount specified in the proof of claim shall constitute full payment of the debt as to the debtor(s) and any co-signer, co-maker or guarantor.

**26. DEFAULT AND WAIVER**

Any default of the debtor that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

**27. MODIFICATION**

After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments. After confirmation, debtor(s) must file a motion to modify and attach an amended plan.

**28. NOTICES**

Notice to all parties shall be made by regular mail or electronically.

**29. CONFIRMATION**

The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the debtor(s) in good faith and it is the Debtor(s)' best effort. All conditions of 11 U.S.C. section 521 have been fulfilled or the debtor(s) have requested an order from the Court.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)**

**A**.     **Debtors are the owners of a Kirby Vacuum Cleaner (hereinafter the "Vacuum"). The Vacuum is encumbered by a lien in favor of United Consumer Financial (hereinafter "UCF"). As part of their Plan in this case, the Debtors shall surrender their interest in the Vacuum. Any deficiency balance which is owed to UCF, after the Vacuum is sold, shall be paid as a General Unsecured, Non-Priority Claim in accordance with the provisions of this Plan applicable to such claims.**

**B.     Unsecured Creditors, who have been duly scheduled in this case but fail to file a proof of claim by the deadline for filing such a claim, shall be deemed to have their claims satisfied in full and the claims shall be discharged up the issuance of a Discharge Order in this Case.  Furthermore, Creditors who are paid by Co-Debtors outside the Plan, including debts of a kind described in 11 U.S.C. § 1322(b)(5), shall be discharged as to the Debtors upon the issuance of a Discharge Order in this case.**

C.     Debtors have averaged their annual income tax refunds, in excess of the allowed exemption of $800.00 for an Individual Debtor and $1,600.00 for Joint Debtors, into their monthly income as set forth in Schedule I.  Accordingly, Paragraph 17 of this Plan above is modified and the Debtors may retain their entire annual income tax refund to be used for their maintenance and support.

Respectfully submitted,

/s/ Gregory M. Wetherall

_____
GREGORY M. WETHERALL
OH. Reg. No. 0067307
4030 Mt. Carmel-Tobasco Road, Suite 122
Cincinnati OH 45255
Telephone: (513) 528-0200
Telecopier: (513) 528-1762
Email: gmw@gw-law.net

I declare under penalty of perjury that the information in this plan is true and correct.

|  |  |
|---|---|
| Date: September 24, 2010 | /s/ David D. Jackson<br>_____<br>David D. Jackson, Debtor |
| Date: September 24, 2010 | /s/ Shakira K. Jackson<br>_____<br>Shakira K. Jackson, Debtor |

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2010, I electronically filed the foregoing Instrument with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Office of the United States Trustee
CBLD Building, Suite 2050
36 East Seventh Street
Cincinnati, Ohio 45202

Ms. Margaret A. Burks, Esq.
Chapter 13 Trustee
36 East Fourth Street, Suite 700
Cincinnati, Ohio 45202

/s/ Gregory M. Wetherall

_____
GREGORY M. WETHERALL

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                              Page 13 of 13